NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 12 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDEEP SINGH; RAJBEER KAUR; PRABHJOT LNU; SEERAT JEET, Petitioners, v. PAMELA J. BONDI, Attorney General, Respondent. | No. 23-3889 Agency Nos. A240-337-541 A240-337-542 A240-337-543 A240-337-544 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2025**
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.

Sandeep Singh, his wife, and two daughters (collectively "Singh"), natives

and citizens of India, petition for review of the Board of Immigration Appeals'

("BIA") decision dismissing their appeal of the Immigration Judge's ("IJ") denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

their requests for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review the BIA's credibility findings for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). Under the substantial evidence standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028.

1.     Substantial evidence supports the agency's adverse credibility determination. In assessing an adverse credibility finding, we consider "the totality of the circumstances[] and all relevant factors . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). And "when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). The following factors cited by the BIA support its adverse credibility determination:

First, substantial evidence supports the BIA's determination that it was implausible for Singh to have attended a religious festival with 100 people on April 13, 2020 without repercussions. The record reflects that on April 13, 2020 there

were no religious exceptions to India's country-wide lockdown. The IJ properly considered Singh's explanation for the perceived implausibility, *see Shrestha*, 590 F.3d at 1044, and the agency is not required to accept unpersuasive explanations, *see Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010).

Second, substantial evidence supports the BIA's determination that Singh provided inconsistent evidence and testimony regarding his medical treatment after his two days in police custody. Singh testified that he received medical treatment after being released from custody, but his written declaration contains no mention of such treatment despite describing multiple other occasions where he sought medical treatment. The severity of the harm Singh suffered at the hands of the police goes to the heart of his claims for relief and "is of great weight" in an agency's credibility determination. *Id.*

Third, substantial evidence supports the BIA's determination that Singh provided testimony and written evidence about the location of his father's death inconsistent with other evidence. Singh testified and submitted written evidence that his father died in his fields, but his father's death certificate indicates that he died in a nursing home. The IJ afforded Singh the opportunity to explain this discrepancy, and a reasonable factfinder could determine that Singh's explanation was not satisfactory.

23-3889

Fourth, substantial evidence supports the BIA's determination that the notarized marriage certificate with fraudulent signatures properly contributed to an adverse credibility finding. Singh testified that his agent signed the marriage certificate on behalf of him and his wife to explain why the certificate post-dated his departure from India. But the IJ did not find his explanation credible, because the document was notarized without any indication that an agent signed for Singh and his wife. This inconsistency does not go to the heart of Singh's claims for relief, but even collateral falsehoods can become a basis for an adverse credibility determination. *See id.* at 1043.

2. Substantial evidence supports the BIA's denial of asylum and withholding of removal. Absent credible testimony, Singh did not establish a reasonable likelihood of persecution if removed to India, and thus failed to show eligibility for asylum, *see id.* at 1048, or withholding of removal, *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("A petitioner who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal."). Singh does not present any arguments in his opening brief concerning the BIA's denial of his CAT claim, so he forfeited the issue on appeal. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION DENIED.**[1]

---

[1] Singh's motion to stay removal (Dkt. 4) is denied as moot.